**Bassilios Emile REBEIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70879.

United States Court of Appeals,
Ninth Circuit.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 20, 2007.\*

Filed Feb. 27, 2007.

Claire H. Kim, Esq., Law Offices of Claire H. Kim, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Thomas M. Gannon Fax, U.S. Department of Justice, Appellate Section/Criminal Division, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM \*\*

Bassilios Emile Rebeiz, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' order adopting and affirming an immigration judge's decision denying his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003) and we review the agency's factual findings for substantial evidence, *Lin v. Ashcroft,* 377 F.3d 1014, 1024 (9th Cir.2004). We deny the petition for review.

The agency did not abuse its discretion in denying as untimely Rebeiz's motion to reopen, filed more than 90 days after the BIA issued its final decision, *see* 8 C.F.R. § 1003.2(c)(2), where the evidence he submitted failed to demonstrate that conditions had changed in Lebanon since his previous hearing, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Moreover, substantial evidence supports the agency's conclusion that Rebeiz failed to demonstrate ineffective assistance of counsel because he did not establish prejudice. *See Lin,* 377 F.3d at 1027 (concluding that to prevail on an ineffective assistance of counsel claim petitioner must demonstrate plausible grounds for relief).

Rebeiz's contention that the agency deprived him of due process by misapplying the law to the facts of his case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS,* 255 F.3d 775, 780 (9th Cir. 2001) (holding that the "misapplication of case law" may not be reviewed)

**PETITION FOR REVIEW DENIED.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.